UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LEMMIE STRAUGHTER,

    Petitioner,

v.                                 Case No.  3:17cv457-LC-CJK

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 1).  Respondent moves to dismiss the petition as time-barred, providing relevant portions of the state court record.  (Doc. 22).  Petitioner opposes the motion.  (Doc. 40).  The matter is referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that petitioner's habeas petition should be dismissed as untimely.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

On November 21, 2013, petitioner Lemmie Straughter ("Straughter") committed three crimes, charged in Okaloosa County Circuit Court Case No. 2012-CF-825: home invasion robbery without a firearm or weapon; wearing a bulletproof vest while committing a robbery; and criminal mischief. Straughter wore a mask while committing the offenses. (Doc. 22, Ex. A).[1] Straughter was sentenced to 25 years in prison for the robbery and shorter concurrent sentences for the other crimes. (*Id.*). On April 9, 2015, the Florida First District Court of Appeal (First DCA) affirmed the judgment per curiam without opinion. *Straughter v. State*, 162 So. 3d 993 (Fla. 1st DCA 2015) (Table) (copy at Ex. B).

On February 11, 2016, Straughter filed a *pro se* habeas petition in the First DCA alleging ineffective assistance of appellate counsel. (Ex. C). The First DCA denied the petition on the merits on March 9, 2016. *Straughter v. State*, 186 So. 3d 1117 (Fla. 1st DCA 2016) (copy at Ex. D). Straughter did not move for rehearing.

On February 26, 2016, Straughter filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. E, pp. 1-35). The state circuit court dismissed the motion without prejudice as facially insufficient, with

---

[1] All references to exhibits are to those provided at Doc. 22. Where a page of an exhibit bears more than one page number, the court cites the number appearing at the bottom-most center of the page.

Case No. 3:17cv457-LC-CJK

leave to amend.  (*Id.*, pp. 36-37).  Rather than amending, Straughter moved for entry of a final order on his motion.  (*Id.*, pp. 38-40).  On August 5, 2016, the circuit court issued a final order denying postconviction relief.  (*Id.*, pp. 41-191).  On September 8, 2016, Straughter filed a notice of appeal.  (*Id.*, p. 192).  The First DCA determined the appeal was untimely and dismissed it for lack of jurisdiction on March 10, 2017.  *Straughter v. State*, 214 So. 3d 728 (Fla. 1st DCA 2017) (copy at Ex. F).  Straughter's motion for rehearing was denied on April 24, 2017, and the mandate issued May 10, 2017.  (Ex. G).  Straughter's motion for reinstatement and to recall the mandate was denied on July 19, 2017.  (*Id.*).  Straughter's motion for rehearing, rehearing en banc and for a written opinion was denied on September 1, 2017.  (*Id.*).

On October 24, 2017, Straughter filed a *pro se* mandamus petition in the Florida Supreme Court seeking to compel the First DCA to reinstate his postconviction appeal.  (Ex. H).  The Florida Supreme Court denied the petition on January 25, 2018.  *Straughter v. State*, No. SC17-1929, 2018 WL 550665 (Fla. Jan. 25, 2018) (copy at Ex. I).

Straughter filed his *pro se* federal habeas petition on July 5, 2017, which was docketed on July 7, 2017.  (Doc. 1; Doc. 2, p. 1 (institutional stamp on Straughter's accompanying motion for stay and abeyance)).  Respondent asserts the petition is time-barred.  (Doc. 22).  Straughter argues his petition is timely, because his

*Case No. 3:17cv457-LC-CJK*

postconviction appeal "was erroneously found to be untimely." (Doc. 1, p. 22 in ECF). Straughter also asserts entitlement to equitable tolling. (Doc. 40, pp. 6-7).

## DISCUSSION

Timeliness

Because Straughter filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Straughter does not assert that a State-created impediment to his filing a federal habeas petition existed, that he bases his claim on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his judgment became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date the judgment became final. *See* 28 U.S.C. § 2244(d)(1).

Straughter's judgment became final for purposes of § 2244(d), on July 8, 2015, which is ninety days after the First DCA's April 9, 2015, affirmance. *See* 28 U.S.C. § 2244(d)(1); *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (holding that the statute of limitations under § 2244(d) did not begin to run until the 90-day window for filing a certiorari petition with the United States Supreme Court expired). The limitations period began to run one day later, on July 9, 2015, and expired one year later, on July 9, 2016, absent tolling. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding that Federal Rule of Civil Procedure 6(a)(1) applies to calculation of AEDPA's one-year limitations period; thus, the limitations period begins to run from the day after the day of the event that triggers

the period); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the limitations period should be calculated according to the "anniversary method," whereby the limitations period expires on the one-year anniversary of the date it began to run).

Straughter allowed 217 days of the limitations period to pass before filing his first tolling application, which was the state habeas petition filed on February 11, 2016. Before that proceeding concluded, Straughter filed another tolling application – his Rule 3.850 motion – on February 26, 2016. Straughter's state habeas proceeding concluded while the Rule 3.850 proceeding was still pending, so the limitations period remained statutorily tolled until Straughter's Rule 3.850 proceeding concluded, which was on September 6, 2016 – the date the 30-day period to timely appeal from the August 5, 2016, final order expired.[2] *See Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383-84 (11th Cir. 2006) (holding that Florida prisoner's postconviction motion remained "pending" under § 2244(d)(2) until the appeal period expired); Fla. R. Crim. P. 3.850(g) (providing a movant 30 days to timely appeal from an order denying postconviction relief); Fla. R. App. P. 9.140(b)(3) (same). Although Straughter asserts that the First DCA erroneously

---

[2] As the First DCA noted, September 4, 2016, was a Sunday and September 5, 2016, was a legal holiday (Labor Day), so, under state law, petitioner had until September 6, 2016, to deliver his notice of appeal to prison officials for mailing. (*See* Ex. F).

determined his appeal was untimely, this court defers to the state court's determination. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (*quoting Carey v. Saffold*, 536 U.S. 214, 226 (2002))); *Stafford v. Thompson*, 328 F.3d 1302, 1305 (11th Cir. 2003) ("[T]his Court must give 'due deference' to [a] procedural determination by the [state] Court. Thus, we are bound by the state court's determination that the appeal was untimely." (citation omitted)).

Straughter's federal clock began running again on September 7, 2016, and expired 148 days later on February 1, 2017. Petitioner's notice of postconviction appeal filed on September 8, 2016, did not toll the limitations period, because it was rejected by the state court as untimely. *See Pace, supra*; *see also Pace* at 417 ("Because the state court rejected petitioner's PCR petition as untimely, it was not 'properly filed', and he is not entitled to statutory tolling under § 2244(d)(2)."); *Stafford, supra*. Straughter's federal habeas petition, filed on July 5, 2017, is untimely by over five months.[3]

---

[3] Straughter's unsuccessful mandamus petition filed in the Florida Supreme Court on October 24, 2017, had no effect on his federal filing deadline for several reasons, including that it was filed after the federal limitations period expired, *see Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), and it was not an application "for State post-conviction or other collateral review" within the meaning of §

Case No. 3:17cv457-LC-CJK

Equitable Tolling

Straughter claims he is entitled to equitable tolling for two reasons. First, Straughter says the state circuit court's date stamp on the final order denying postconviction relief "did not adequately or sufficiently apprise Petitioner of the actual rendition of the court's order. Rather the date stamp looked as though the '5' was a '9' (e.g., August 9, 2016 instead of August 5, 2016). Such a misprint effect[ive]ly misled Petitioner in the timely filing of an appeal." (Doc. 40, p. 6). Second, Straughter alleges that "after the appellate court's discovery of Petitioner's allegedly late filing, the court intentionally stalled in apprising Petitioner of his untimeliness." (*Id.*, pp. 6-7).

A federal habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin*, 633

---

2244(d)(2). *See Wall v. Kholi,* 562 U.S. 545, 553 (2011) (holding that an application for "collateral review" that triggers AEDPA's tolling provision is one that challenges the lawfulness of the criminal judgment"); *Danny v. Sec'y, Fla. Dep't of Corr.*, 811 F.3d 1301, 1304 (11th Cir. 2016) (holding that a Florida petition for a belated direct appeal does not qualify as an "application for State . . . collateral review" under § 2244(d)(2)); *Espinosa v. Sec'y, Dep't of Corr.*, 804 F.3d 1137, 1140-41 (11th Cir. 2015) (same as to a Florida petition for belated postconviction appeal).

F.3d at 1268 (*citing Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002)). A petitioner must allege more than conclusory allegations, *San Martin*, 633 F.3d at 1268, and must "show a causal connection between the alleged extraordinary circumstances and the late filing of the federal habeas petition." *Id*. at 1267. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland v. Florida*, 560 U.S. 631, 653 (2010) (quotations omitted).

Straughter's allegations do not satisfy the equitable tolling standard. Straughter has not shown that the circumstances surrounding his untimely postconviction appeal were extraordinary and prevented him from timely filing his federal petition. The state court record rebuts Straughter's contention that the date stamp on the final order denying postconviction relief inadequately reflected the rendition date. Even if an unclear date stamp <u>could</u> be considered an extraordinary circumstance (which is highly doubtful), there was no "misprint" in the date stamp, nor was Straughter "misled" by it. The "5" on the date stamp cannot be mistaken for a "9", because its upper right side is open and unobstructed by text. (Ex. E, p. 41). Additionally, Straughter's own notice of appeal correctly identified the rendition date as "the 5th day of August, 2016". (*Id*., p. 192). Straughter's notice of appeal was filed <u>before</u> he became aware the notice was untimely. Straughter's

*Case No. 3:17cv457-LC-CJK*

filings in the First DCA reveal the real reason his appeal was untimely – Straughter believed he had 30 days from the date he received the order, instead of 30 days from the date it was rendered. (*See* Ex. G, Motion for Rehearing/Reconsideration, p. 2). Realizing his error, he now tries to backfill, but without success.

Straughter's remaining argument – that the First DCA "intentionally stalled in apprising Petitioner of his untimeliness" also fails. Straughter provides no evidence of intentional stalling or that it is extraordinary for an appeal to be pending six months before it is dismissed.

Moreover, Straughter's allegations fail to show diligence before and after the limitations period expired. Straughter allowed almost three-quarters of the limitations period to lapse before filing his first tolling application, and inexplicably delayed four months after his postconviction appeal was dismissed before filing his federal petition.

## CONCLUSION

Straughter's habeas petition was not filed within the one-year limitations period. Straughter fails to establish entitlement to equitable tolling or any other exception to the limitations bar. Straughter's untimely petition should be dismissed.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774 (2017) (*quoting Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). The petitioner here cannot make the requisite showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 22) be GRANTED.

2. That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Lemmie Tyler Straughter, IV*, Okaloosa County Circuit Court Case No. 2012-CF-825, be DISMISSED WITH PREJUDICE.

3. That the clerk be directed to close the file.

4. That a certificate of appealability be DENIED.

At Pensacola, Florida this 15th day of January, 2019.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.